IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| H.B., a minor by and through her next friend and parents, BARRY M. BRANUM and HELEN BRANUM, <br><br> PLAINTIFFS, <br><br> V. <br><br> SANDRA HARPER, in her official capacity as Director of Trenton Special School District; STEVE NUNLEY, in his official Capacity as Pupil Personnel Supervisor Of Trenton Special School District; TIM HANEY, in his official capacity as Principal Of Peabody High School; RICKEY HOOKER, In his official capacity as Assistant Principal of Peabody High School; DISCIPLINARY HEARING BOARD: Jo Ann Simmons, Terry Brown, Steve Nunley; and TRENTON SPECIAL SCHOOL DISTRICT BOARD OF TRUSTEES (SCHOOL BOARD): Mark Harper, Dotty Jones, Jim Overall, Sharon Petty, Sherry Whitby <br><br> DEFENDANTS. | No. 12-01010-JDB-egb <br> JURY DEMAND |

## REPORT AND RECOMMENDATION

Before the Court on referral [D.E. 20] is Plaintiffs' motion seeking that this case be remanded to state court [D.E. 4 & D.E. 6]. Defendants oppose the motion. Based on the following, the Magistrate Judge recommends that the motion be granted.

This action was originally filed in the Chancery Court for the 28th Judicial District of Tennessee, Gibson County, at Trenton. The original action in this matter is a Petition for Writ of Certiorari in accordance with T.C.A. § 27-8-102, § 27-8-101, and § 27-9-101 *et. seq.* The

purpose of the Petition was for Plaintiffs to be granted a "hearing de novo" as to the allegations against the Minor Plaintiff and a review of the disciplinary action decided upon by the Defendants.

On January 9, 2012, Defendants removed the action to federal court, maintaining that Plaintiffs' Petition alleged violations of their Due Process rights protected by Federal and State law. Defendants read Plaintiffs' Petition for Writ of Certiorari as containing a Title 42 U.S.C. § 1983 claim. Therefore, Defendants assert that this is a civil action that raises a federal claim and thus properly removed to federal court.

Plaintiffs maintain in their Memorandum in Support of Objection to Notice of Removal and Motion to Remand that their Petition for Writ of Certiorari clearly states that they are seeking a review of the school board's decision. Tennessee Code Annotated sets out the procedure for filing writs and designates the Circuit and Chancery Court with jurisdiction to hear and decide writs of certiorari. Plaintiffs argue that although violations of the minor plaintiff's civil rights are mentioned in Plaintiff's Petition, it does not allege a federal civil rights claim. Plaintiffs represent to the court that the sole relief they seek is simply a review of the school board's decision, and therefore this Court lacks jurisdiction.

A defendant who seeks to remove a case pursuant to 28 U.S.C. § 1441 bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court. *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 549 (6th Cir.2006). "As a general rule, the federal question must be found in the plaintiff's "well-pleaded" complaint, and not in the defendant's notice of removal." *Clarkston v. Hubbard*, 1996 WL 382246, 2 (6th Cir. 1996); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986) ("The mere presence of a federal issue in a state cause of action does not automatically

confer federal jurisdiction"). The Sixth Circuit has explained that the "well-pleaded complaint rule" provides that "the plaintiff is the master of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1994) (en banc).

In *Heyne v. Metropolitan Board of Public Education*, the court granted the petitioners' motion to remand under circumstances similar to the case at bar. In that case, the petitioners sought judicial review of a state agency determination where violations of the petitioners constitutionally protected civil rights were alleged. The court recognized the mention of the civil rights violations but also recognized that there was no separate count for a federal civil rights claim. *Heyne v. Metropolitan Bd. Of Public Educ.*, No 3:09-1041, 2009 WL 3765174 (M.D. Tenn. Nov. 9, 2009). In granting the motion to remand, the court acknowledged the long standing principle that "Petitioners are the masters of their own Complaint, and the Court will not read into the Second Amended Petition a claim which is not there." *Id.*

In the case at bar, there is no mention of Title 42 U.S.C. § 1983 in Plaintiffs' Petition for Writ of Certiorari, although Defendants argue that federal civil rights law is the essence of Plaintiffs' claim. In response, Plaintiffs specifically assert that they "have not raised a [f]ederal [c]laim by the filing of the Writ of Certiorari [D.E. 4, ¶7]. Consequently, because Plaintiffs have eschewed any federal law claims, there is no basis for removal of this action to federal court, and the Magistrate Judge recommends that Plaintiffs' Motion to Remand be granted. However, because the original Petition in this case was not entirely clear on whether Plaintiffs intended to pursue federal claims, the Magistrate Judge also recommends a finding that the attempt to remove the case was fairly supportable and would not recommend awarding costs. *See Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1063 (6th Cir. 2008) (noting that

fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal" and that "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable'").

Respectfully Submitted,

                                              <u>s/Edward G. Bryant</u>
                                              EDWARD G. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE

                                              Date: **<u>May 14, 2012</u>**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**